# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIE LEE BROOKS, II, | 1:07-cv-01363-LJO-GSA (PC) |
| Plaintiff, | |
| v. | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| STATE OF CALIFORNIA, et. al., | (Doc. 2) |
| Defendants. | |

**I.   SCREENING ORDER**

Willie Lee Brooks, II ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis. Plaintiff originally filed his complaint in the Northern District. It was transferred to the Eastern District on September 14, 2007, and is presently before the Court for screening.

**A.   Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or

1  appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. §
2  1915(e)(2)(B)(ii).
3      "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited
4  exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534
5  U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a
6  short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R.
7  Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's
8  claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the
9  liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams,
10 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not
11 supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union
12 Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268
13 (9th Cir. 1982)).

14  **B.    Summary of Plaintiff's Complaint**

15      Plaintiff is a state prisoner at Avenal State Prison ("ASP") where the acts he complains of
16  allegedly occurred.
17      Plaintiff names defendants: the State of California; California Department of Corrections
18  and Rehabilitation; Mule Creek State Prison; Avenal State Prison; Governor, Arnold
19  Schwarzenegger; California Youth and Adult Correctional Agency Secretary, James E. Tilton;
20  California Department of Corrections and Rehabilitation Director, William Gausewitz; Warden
21  Lonnie A. Watson; Avenal State Prison Warden, N.D. Dawson; Associate Warden, L. Oacha;
22  Chief Medical Officer, Erica Weinstein; and A. Shahid Muhammad.
23      Plaintiff states four very general factual allegations that: (1) "A.S.P senior officials"
24  knew, based on information in Plaintiff's C-file, that Plaintiff had a medical ADA restriction for
25  lower bunk placement due to his seizures, and yet "custody staff" placed him in serious danger
26  by placing him on the top of a triple bunk; (2) "custody staff" will not let Plaintiff into the 4-yard
27  clinic, even when he has a medical appointment; (3) "officials" have refused his requests for
28  kosher foods because he is a Black Jew; and (4) his requests to be transferred have been denied.

1 (Doc. 2, pg. 3.)

2 Plaintiff seeks relief by way of declaration, injunction, and monetary damages.

3 Plaintiff fails to state any cognizable claims, but may be able to amend to correct
4 deficiencies in his pleading so as to state additional cognizable claims. Thus, he is being given
5 the applicable standards and leave to file a first amended complaint.

6 **C.     Pleading Requirements**

7 **1.  *Federal Rule of Civil Procedure 8(a)***

8 "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited
9 exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534
10 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a). Pursuant to Rule 8(a), a complaint must contain "a
11 short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R.
12 Civ. Pro. 8(a). "Such a statement must simply give the defendant fair notice of what the
13 plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. A court
14 may dismiss a complaint only if it is clear that no relief could be granted under any set of facts
15 that could be proved consistent with the allegations. Id. at 514. "'The issue is not whether a
16 plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support
17 the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and
18 unlikely but that is not the test.'" Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting
19 Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171
20 (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . .
21 .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir. 2001))). However, "the liberal
22 pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490
23 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply
24 essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin.,
25 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir.
26 1982)).

27 Plaintiff's factual allegations are not verbose, and while they do give notice of what his
28 claims are, they are generally insufficient to give the defendants fair notice of the factual grounds

3

1  upon which he asserts them.  Swierkiewicz, 534 U.S. at 512.   Further "[a] plaintiff must allege
2  facts, not simply conclusions, that show that an individual was personally involved in the
3  deprivation of his civil rights."  Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998).  Most
4  of Plaintiff's allegation statements are simply conclusions, and fail to state the necessary factual
5  detail upon which he bases his claim(s).

### 2. Federal Rule of Civil Procedure 18(a)

"The controlling principle appears in Fed.R.Civ.P. 18(a) 'A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party.'  Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)."  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

Plaintiff's four claims (bunk placement, access to the clinic, denial of Kosher food, and denial of transfer) appear wholly unrelated to each other such that pursuing all of them in this same action would violate Rule 18(a).  The Court herein will screen the first of Plaintiff's claims (bunk placement).  However, all of Plaintiff's other claims appear to be unrelated and therefore are hereby dismissed without prejudice for failing to comply with Rule 18(a).  Plaintiff is advised that if he chooses to file an amended complaint, and fails to comply with Rule 18(a), the Court will count all frivolous/noncognizable unrelated claims that are dismissed therein as strikes such that he may be barred from filing in forma pauperis in the future.

### 3. Linkage Requirement

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes
> to be subjected, any citizen of the United States . . . to the
> deprivation of any rights, privileges, or immunities secured by the

4

> Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). In order to state a claim for relief under section 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.

Plaintiff fails to state a cognizable claim against any of the named defendants to link them to any of his factual allegations to show affirmative acts, or omissions, that demonstrate a violation of Plaintiff's federal rights. Plaintiff must clarify which defendant(s) he feels are responsible for any given violation(s) of his constitutional rights. Identifiers such as "A.S.P. senior officials," and "custody staff" are insufficient to link a specific defendant to offending actions.

**D.      Claims for Relief**

### 1. *Failure to Protect/Safety*

Plaintiff alleges that "A.S.P senior officials" knew, based on information in Plaintiff's C-file, that Plaintiff had a medical ADA restriction for lower bunk placement due to his seizures, and yet "custody staff" placed him in serious danger by placing him on the top of a triple bunk. (Doc. 2, pg. 3.)

"The treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." Farmer v. Brennan, 511 U.S. 825, 832 (1994) (citing Helling v. McKinney, 509 U.S. 25, 31 (1993)). Prison officials have a duty to take reasonable steps to protect inmates from physical abuse. Farmer, 511 U.S. at 833;

5

Hoptowit v. Ray, 682 F.2d 1237, 1250-51 (9th Cir. 1982). To establish a violation of this duty, the prisoner must establish that prison officials were "deliberately indifferent to a serious threat to the inmates's safety." Farmer, at 834. The question under the Eighth Amendment is whether prison officials, acting with deliberate indifference, exposed a prisoner to a sufficiently substantial 'risk of serious damage to his future health ... .'" Farmer, 511 U.S. at 843 (citing Helling v. McKinney, 509 U.S. 25, 35 (1993)). The Supreme Court has explained that "deliberate indifference entails something more than mere negligence ... [but] something less than acts or omissions for the very purpose of causing harm or with the knowledge that harm will result." Farmer, 511 U.S. at 835. The Court defined this "deliberate indifference" standard as equal to "recklessness," in which "a person disregards a risk of harm of which he is aware." Id. at 836-37.

The deliberate indifference standard involves both an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious." Id. at 834. Second, subjectively, the prison official must "know of and disregard an excessive risk to inmate health or safety." Id. at 837; Anderson v. County of Kern, 45 F.3d 1310, 1313 (9th Cir. 1995). To prove knowledge of the risk, however, the prisoner may rely on circumstantial evidence; in fact, the very obviousness of the risk may be sufficient to establish knowledge. Farmer, 511 U.S. at 842; Wallis v. Baldwin, 70 F.3d 1074, 1077 (9th Cir. 1995).

The Supreme Court has stated that a remedy for unsafe conditions need not await a tragic event. Where a risk/injury has yet to occur, the plaintiff's burden would be to prove that his future health/safety is unreasonably endangered, "that it is contrary to current standards of decency for anyone to be so exposed against his will, and that prison officials are deliberately indifferent to his plight." Helling, 509 U.S. at 33-35.

Further, Eighth Amendment claims have been correctly rejected where a prisoner had not been retaliated against and had not alleged any basis to infer that the defendant was aware his actions had exposed plaintiff to a substantial risk of serious harm. Morgan v. MacDonald, 41 F.3d 1291, 1293-94 (9th Cir. 1994).

Thus, in order to state a cognizable claim against prison officials for failure to provide for

a prisoner's safety/protection, a prisoner must allege (and eventually prove): (1) a sufficiently serious risk of harm (either current or future); (2) that was caused by the defendant(s); and (3) that the defendant(s) knew that his/her action(s) exposed the prisoner to that serious risk of harm.

Plaintiff fails to state a cognizable claim for failure to protect/provide for his safety against any of the named defendants since, as discussed above, he fails to link any of the named defendants to the offending in/actions. Further, even if Plaintiff were to link his groups of defendants to specific named defendants, he fails to show both knowledge of the risk and deliberate indifference towards Plaintiff. Plaintiff alleges that the "A.S.P. senior officials" knew that he was restricted from third bunk placement. However, Plaintiff's allegations are that "custody staff" placed him on the third bunk, without any allegations that "custody staff" also knew that he was not supposed to be placed on a third bunk. Thus, Plaintiff fails to state a cognizable claim for violation of his Eighth Amendment rights.

### 2. *State of California & State Agencies as Defendants*

Plaintiff names the State of California, CDCR, Mule Creek State Prison, and Avenal State Prison as defendants. Plaintiff may not sustain an action against a state, a state agency, or a state prison. The Eleventh Amendment prohibits federal courts from hearing suits brought against an unconsenting state. Brooks v. Sulphur Springs Valley Elec. Co., 951 F.2d 1050, 1053 (9th Cir. 1991) (citation omitted); see also Seminole Tribe of Fla. v. Florida, 116 S.Ct. 1114, 1122 (1996); Puerto Rico Aqueduct Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 144 (1993); Austin v. State Indus. Ins. Sys., 939 F.2d 676, 677 (9th Cir. 1991). The Eleventh Amendment bars suits against state agencies as well as those where the state itself is named as a defendant. See Natural Resources Defense Council v. California Dep't of Tranp., 96 F.3d 420, 421 (9th Cir. 1996); Brook, 951 F.2d at 1053; Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (concluding that Nevada Department of Prisons was a state agency entitled to Eleventh Amendment immunity); Mitchell v. Los Angeles Community College Dist., 861 F.2d 198, 201 (9th Cir. 1989). Thus, the State of California is entitled to Eleventh Amendment immunity from suit. Because the California Department of Corrections, Mule Creek State Prison, and Avenal State Prison are a state agencies, they are also entitled to Eleventh Amendment immunity from

suit.

### 3. *Supervisory Liability*

It appears that all of the individual persons Plaintiff names as defendants hold supervisorial positions.

Supervisory personnel are generally not liable under section 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). To state a claim for relief under section 1983 based on a theory of supervisory liability, plaintiff must allege some facts that would support a claim that supervisory defendants either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Although federal pleading standards are broad, some facts must be alleged to support claims under section 1983. See Leatherman v. Tarrant County Narcotics Unit, 507 U.S. 163, 168 (1993).

As discussed above, Plaintiff fails to allege facts to link the defendants to the offensive conduct, or to indicate that any of the defendants personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black at 646.

### 4. *Declaratory and Injunctive Relief*

In addition to money damages, Plaintiff seeks declaratory relief.

"'A case or controversy exists justifying declaratory relief only when the challenged government activity is not contingent, has not evaporated or disappeared, and, by its continuing

and brooding presence, casts what may well be a substantial adverse effect on the interests of the petitioning parties.'" Feldman v. Bomar, 518 F.3d 637, 642 (9th Cir. 2008) (quoting Headwaters, Inc. v. Bureau of Land Management, Medford Dist., 893 F.2d 1012, 1015 (9th Cir. 1989) (internal quotations and citation omitted)). "Declaratory relief should be denied when it will neither serve a useful purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and afford relief from the uncertainty and controversy faced by the parties." U.S. v. State of Wash., 759 F.2d 1353, 1357 (9th Cir. 1985) (citations omitted). The governmental conduct at issue in this action occurred in 2006, and Plaintiff's remedy is damages should he prevail on his claim that his constitutional rights were violated. Thus, Plaintiff's declaratory relief claim is subject to dismissal.

In addition to declaratory relief, Plaintiff seeks an injunction requiring the defendants to provide him with "Constitutional conditions." (Doc. 2, pg. 4.)

"[T]hose who seek to invoke the jurisdiction of the federal courts must satisfy the threshold requirement imposed by Article III of the Constitution by alleging an actual case or controversy." City of Los Angeles v. Lyons, 461 U.S. 95, 101, 103 S.Ct. 1660, 1665 (1983) (citations omitted); Jones v. City of Los Angeles, 444 F.3d 1118, 1126 (9th Cir. 2006). "Abstract injury is not enough." Lyons, 461 U.S. at 101, 103 S.Ct. at 1665. "[P]laintiff must show that he has sustained or is immediately in danger of sustaining some direct injury as the result of the challenged official conduct and the injury or threat of injury must be both real and immediate, not conjectural or hypothetical." Id. (internal quotations and citations omitted). "The key issue is whether the plaintiff is 'likely to suffer future injury.'" Jones, 444 F.3d at 1126 (quoting Lyons at 105, 1667). At this point, Plaintiff fails to state any cognizable claims to have met Article II's threshold requirement.

In addition, any award of equitable relief is governed by the Prison Litigation Reform Act, which provides in relevant part, "Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs. The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the

9

violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." 18 U.S.C. § 3626(a)(1)(A).

This action will only proceed if Plaintiff is able to file an amended complaint that states a cognizable claim regarding his placement on the third bunk in 2006. The past actions of Defendants related to Plaintiff's bunk placement will form the case or controversy in this action if Plaintiff is able to state a cognizable claim. The Court has no jurisdiction to issue an order aimed at remedying unrelated actions which *might* occur in the future. Thus, Plaintiff's claim for injunctive relief is subject to dismissal.

## II. CONCLUSION

For the reasons set forth above, Plaintiff's complaint is dismissed, with leave to file an amended complaint within thirty days. If Plaintiff needs an extension of time to comply with this order, Plaintiff shall file a motion seeking an extension of time no later than thirty days from the date of service of this order.

Plaintiff must demonstrate in his complaint how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved. There can be no liability under section 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Hydrick v. Hunter, 500 F.3d 978, 987-88 (9th Cir. 2007). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007) (citations omitted).

Plaintiff is further advised that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded

pleading," Local Rule 15-220.  Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

The Court provides Plaintiff with opportunity to amend to cure the deficiencies identified by the Court in this order.  Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend;
2. The Clerk's Office shall send Plaintiff a civil rights complaint form;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff must file an amended complaint curing the deficiencies identified by the Court in this order; and
4. If Plaintiff fails to comply with this order, this action will be dismissed for failure to state a claim.

IT IS SO ORDERED.

Dated:   **January 9, 2009**           /s/ **Gary S. Austin**
                                    UNITED STATES MAGISTRATE JUDGE